IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID DESPOT, | ) Civil Action No. 15-1672 |
|        Plaintiff, | ) |
| vs. | ) |
| THE BALTIMORE LIFE INSURANCE COMPANY. et al | ) |
|        Defendants. | ) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS BY MICROSOFT CORPORATION**

NOW COMES Defendant, Microsoft Corporation. ("Microsoft" or "Defendant"), by and through its counsel, Pietragallo Gordon Alfano Bosick & Raspanti LLP, and files this Brief in Support of Motion to Dismiss by Microsoft Corporation and provides the following.

I. **Factual and Procedural Background**

As provided by the Complaint, the bulk of Plaintiff's allegations and claims are assertions against defendants, The Baltimore Life Insurance Company and/or The Baltimore Life Insurance Companies (collectively "Baltimore Life"). As averred by the Plaintiff, the majority of the activities underlying the instant lawsuit relate to a purported failure by Baltimore Life to offer him employment. [Complaint ¶¶ 37 - 38]

As is relevant to Microsoft, Plaintiff avers that when his name "David Despot" is searched using the Microsoft Bing search engine, among the top results returned are links relating to previous legal actions in which he was a party. [Complaint ¶ 42][1] Specifically, the results are to sites such as Justia, Leagle and PacerMoniter (all of whom are among co-defendants in the case) that provide docket entries, filings, and other court information for nine

---

[1] Plaintiff's Complaint acknowledges that he has selected the nine "offending" results from the first 10 pages of Bing search results. [Complaint ¶ 42] Plaintiff ignores the other approximately 130 results on the first ten pages in order to highlight on the results relating to his previous legal actions.

separate cases in which Despot was a plaintiff alleging employment discrimination claims.[2] [Complaint ¶ 42 & ¶ 43(2)] Plaintiff does not aver that these results are false or incorrect in any manner. On the contrary, Plaintiff acknowledges that he's previously commenced litigation against prior employers (or prospective employers) on discrimination claims and that these search results are a reflection of court records for those lawsuits. [Complaint ¶¶ 36 & 43(2)] Plaintiff does not aver that these court records are sealed or otherwise not fully within the public record. Plaintiff does not, and cannot, aver that Microsoft is the party that created these websites or court records. Despite these seemingly apparent shortcomings, Plaintiff alleges a variety of state law claims against Microsoft. Specifically the claims include: defamation, unfair trade practices, misrepresentation, and negligence all stemming from the display of accurate court records from Plaintiff's previous litigation. [Complaint ¶¶ 17 & 43] [3]

In addition to the state law actions, Plaintiff asserts a purported claim against Microsoft under Title VII of the Civil Rights Act relating to an alleged employment retaliation. [Complaint ¶¶ 17 & 43] In support of the claim, Plaintiff avers that he applied for an unidentified position at Microsoft on April 25, 2015 without any facts supporting a response. [Complaint ¶ 43(1)] Beyond this, Plaintiff provides no additional information relating to this claim. Specifically, he fails to plead or attach information regarding a charge filled with the EEOC as a prerequisite to bring this suit. Similarly, he fails to identify whether the EEOC provided a right to sue letter which is statutorily required before a plaintiff may bring a discrimination claim. Furthermore, Plaintiff fails to identify any connection at all between any adverse action (which is again never identified) and the docket results returned through a Bing search.

---

[2] As provided by the Complaint, Plaintiff's purported causes of action stem only from search results relating to legal filings and docket entries. See Complaint ¶ 42] ("all similar and associated legal case entries both now and on an ongoing basis that are associated with the Plaintiff's name (David Despot))"
[3] While Plaintiff alleges "claims" which are not causes of action (such as "character assassination") or claims that fall under the same statute ("deceptive trade practices" and "unfair trade practices") Microsoft submits that these four claims are accurate representations of the state law actions asserted in Plaintiff's Complaint.

As of public record, and therefore judicially noticeable and appropriate for consideration under a 12(b)(6) motion, David Despot is a serial filer of meritless litigation throughout the federal court system. See Oran v. Stafford, 226 F.3d 275, 290 (3d Cir. 2000); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993) (public records such as court proceedings are appropriate for consideration under 12(b)(6) motions). Public records maintained through PACER reveal that David Despot has been or is a party to 48 unique proceedings throughout federal court systems.[4] These include cases in districts throughout Illinois, Texas, Ohio and Pennsylvania. Of these 48 proceedings, Despot is identified as a plaintiff in 45 of the cases, while listed as a defendant or appellant in the remaining three. Due to his serial filing, Courts have become increasingly aware of Despot's tactics and have drafted opinions which specifically detail his inappropriate litigation conduct.

For instance in Despot v. Keystone Insurers Grp., Inc., No. CIV. 1:CV-08-0166, 2008 WL 3837395 (M.D. Pa. Aug. 13, 2008) Judge Rambo provides a history of the serial and meritless litigation history of Plaintiff through different courts as of 2008. The opinion details Despot's history of frivolous complaints in various district courts including one occasion where his complaint reached a staggering 176 pages. Id. at * 11; cf Fed.R.Civ.P. 8(a)(2)(Requiring " a short and plain statement of the claim showing that the pleader is entitled to relief") In these complaints, Judge Rambo provided that Despot would list dozens of "claims" (sometimes as high as 26) with no support and which are often not legitimate causes of action. As stated by Judge Rambo:

> [Despot] routinely neglects the rules of pleading and procedure. He ignores judicial opinions informing him of the deficiencies of his claims. He uses labels to signify his

---

[4] By way of further consideration, under Plaintiff's "theories" any party collecting, maintenance or allowing searches of public records for judicial proceedings would be liable of tortious conduct. This would presumably include the federal government for its maintenance of PACER and the CM/ECF databases for all federal judicial proceedings. Noticeably, Plaintiff does not attempt to include and serve the government as a defendant.

> causes of actions, instead of stating facts in support thereof. Some of his labels, he has been instructed, simply are not legal injuries. In this case, again, Despot engages in shotgun pleading that is totally insufficient under the Federal Rules of Civil Procedure and all precedent.

Id. Consistent throughout these serial complaints is the fact that Despot continues to allege claims relating to the EEOC and/or employment discrimination, but continually fails to properly bring the claim:

> Further, the sole federal employment discrimination claim attempted in this matter fails for two reasons, as described supra. It is evident from Despot's past litigation that he was well aware that pleading such a claim required a statement of membership in a protected class and a pleading of administrative exhaustion. He was on notice that failure to allege these elements would render his complaint fatally flawed.

Id. Despite the reprimand from Judge Rambo in 2008, Plaintiff has continued to duplicate the same pattern of meritless conduct in additional cases. In Despot v. Nationwide Ins., No. 1:12-CV-44, 2013 WL 5487361, at *1 (S.D. Ohio Sept. 30, 2013) plaintiff brought *another* EEOC claim in which he failed to act appropriately. His claim was dismissed and sanctions ordered against Despot for failure to adhere to orders, including discovery schedules. Similarly a "panoply of claims for discrimination and retaliation under federal and state law" were denied in Despot v. Am. Income Life Ins. Co., No. 1:10-CV-932, 2012 WL 3070980 at *1 (S.D. Ohio July 30, 2012), aff'd (July 2, 2013) in which the court stated, "The Court also notes that Despot has filed a plethora of lawsuits in this district (and others) over the past decade, demonstrating that he is not a novice to the federal courts or to federal procedural rules." In sum, the public records reveal that the instant case is yet another attempt by Despot to engage in serial litigation for baseless claims. As such it should be treated accordingly and, as provided by the analysis below, be dismissed with prejudice without leave to amend.

## II. Legal Standard

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). Id.

In deciding a motion to dismiss a court is not, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir.2007). "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993) Courts are permitted to grant a motion to dismiss without leave to amend when the complaint is based upon "bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir.2004).

## III. Argument

Given a liberal reading of the "claims" submitted by Plaintiff as a pro se party[5], they can be divided into two broad categories. The first attempt to assert state law claims sounding in defamation, unfair trade practices, misrepresentation and/or negligence. The second is an

---

[5] Due to Plaintiff's extensive history as a pro se plaintiff bringing largely the same meritless employment claims against parties, Courts have begun refusing to provide Despot with any degree of liberal interpretation typically granted to a pro se party. Given Plaintiff's history of serial filing, Microsoft agrees with these decisions that Plaintiff's claims must be strictly construed against him. Regardless, even under a standard of liberal interpretation, Plaintiff still fails to demonstrate any claim for relief.

employment discrimination claim asserting retaliation pursuant to Title VII of the Civil Rights act. As will be shown herein, under all the "claims" asserted, the Plaintiff fails to state a claim against Microsoft upon which relief can be granted.

As a matter of law for both the state and federal claims, Plaintiff fails to meet the pleading standard required by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). As provided by Twombly, a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will not suffice if it tenders "naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678. Mere assertion of an unlawful agreement is a "legal conclusion" and, as such, is not entitled to the assumption of truth. Iqbal, 556 U.S. at 680.

Under the standards of Twombly and Iqbal, David Despot fails to provide a Complaint which could warrant relief under any "claim." All of the "claims" asserted by Plaintiff are bare labels for causes of action (and sometimes unrecognized causes of action such as "character assassination") unsupported by any factual assertion or support. For instance, the state law claim of negligence does not possess any information relevant to a claim, such as a legal duty on behalf of Microsoft toward Plaintiff nor any breach thereof. The only thing provided is the bare label of negligence, which Twombly expressly states is simply insufficient by law to support a cause of action. Twombly, 550 U.S. at 555. Similarly, for the claim of misrepresentation, Plaintiff fails to identify any factual element supporting the claim, much less a false statement required for misrepresentation. In fact, Plaintiff acknowledges that the legal dockets are accurate and true records for his previous legal actions. [Complaint ¶¶ 36 & 43(2)] It is indefensible how a claim for misrepresentation could be supported with these "allegations" (or lack thereof).

Courts have already informed and repeatedly reprimanded Despot that this type of pleading is insufficient as a matter of law. See Despot v. Keystone 2008 WL 3837395 at *11 ("He uses labels to signify his causes of actions, instead of stating facts in support thereof. Some of his labels, he has been instructed, simply are not legal injuries.") Accordingly, as a matter of law, the pleadings by Plaintiff fail to state a claim upon which relief can be granted. While Microsoft believes that the pleading standards of Twombly and Iqbal are sufficient to warrant dismissal under 12(b)(6), Microsoft will demonstrate that independent of these standards that the claims are further deficient as a matter of substantive merit as well as the law and must be dismissed.

A.)   State law claims

1.)   All state law claims are barred as a matter of law pursuant to 47 U.S.C. § 230.

Under Title V of the Telecommunications Act of 1996, codified at 47 U.S.C. § 230, internet service providers are immune from liability for information provided by other users. As stated "*[n]o provider or user of an interactive computer service* shall be treated as the *publisher or speaker of any information* provided by *another information content provider.*" 47 U.S.C. § 230(c)(1)(emphasis added). As expressly provided by statute, an interactive computer service provider[6] will not be deemed the publisher or speaker of any statement by a third party. This delineation is expressly intended to immunize internet providers from liability for any statements

---

[6] "Interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions" 47 U.S.C. § 230(f)(2). It is beyond dispute that Microsoft and the search engine Bing fit within the statutory definition. See i.e. Holomaxx Techs. v. Microsoft Corp., 783 F. Supp. 2d 1097 (N.D. Cal. 2011) (Motion to dismiss granted in favor of Microsoft under Section 230 immunity due to status as interactive computer services provider)

by third parties. See Green v. Am. Online (AOL), 318 F.3d 465, 471 (3d Cir. 2003) ("By its terms, § 230 provides immunity to AOL as a publisher or speaker of information originating from another information content provider.") In furtherance of this purpose, Section 230(e)(3) provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." Accordingly, Courts have held that Congress intended for a robust and strong immunity to interstate internet service providers. See i.e. Zeran v. America Online, Inc., 129 F.3d 327, 330 (4th Cir.1997) (the provision bars "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone, or alter content.")

The applicability of Section 230 in the instant action is shown through a straightforward review of DiMeo v. Max, 248 F. App'x 280, 282 (3d Cir. 2007) and Green 318 F.3d at 465. In DiMeo, the defendant Tucker Max owned a website that allows users to provide comments on the various topics in the message boards. One of the stories posted to the message boards by a user was an allegedly disparaging statement involving DiMeo and a New Year's Eve party gone awry. DiMeo sued the Tucker Max website for the allegedly defamatory content. In a straightforward application of Section 230, the Court found in favor of Tucker Max and dismissed the claims on a 12(b)(6) motion based upon Section 230 immunity. Because Tucker Max was a content services provider, and did not create the allegedly defamatory statement as a matter of statutory law, it could not be the speaker or publisher of the content. Accordingly, as matter of law the defamation claim against Tucker Max failed. Similarly, in Green, a pro se plaintiff sued AOL for negligence as a result of allegedly harmful material that was sent online to the plaintiff's computer. As a matter of law, the Court determined that Section 230 provided AOL immunity from the state law negligence claim and dismissed the action.

Under a straightforward application of DiMeo, Green, and the statutory language of Section 230, Plaintiff's instant complaint must fail as a matter of law. Plaintiff does not, and cannot, allege that Microsoft is the creator of the allegedly "harmful conduct." (which as will be addressed infra are truthful public records) Instead, as a matter of law, Microsoft is an interactive service provider who merely displays the search results of third party sites. As dictated by federal statute, this approach cannot be contravened by state law and requires Microsoft to be treated as immune.

Accordingly, in the application of Plaintiff's four state law claims, it is evident that they are all barred as a matter of law. For the claims sounding in defamation and negligence DiMeo and Green demonstrate that Section 203 provides Microsoft immunity from the claims. Similarly, for the remaining claims of misrepresentation and unfair trade practices, by matter of law, both seek redress against a party who allegedly spoke the untrue statement, not Microsoft. See Bortz v. Noon, 729 A.2d 555, 560 (Pa. 1999) (a claim for misrepresentation fundamentally requires a "representation"); 73 P.S. § 201–3 (unfair trade practices require "representations" or "passing off"). Because as a matter of statute, Microsoft is not the speaker or the actor for *any* third party representations, it cannot be liable for misrepresentation or unfair trade practice state law claims. Accordingly, all of Plaintiff's state law claims are barred by law under Section 230. While this is sufficient to prevail under 12(b)(6), in the interest of thoroughness, Microsoft will discuss additional elements supporting dismissal of the state law claims.

2.) <u>The unfair trade practices claim is further barred by the express language of the statute</u>.

Pursuant to 73 P.S. § 201–9.2, Pennsylvania's unfair trade practices statute, a private cause of action is afforded to:

> *[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes* and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.

73 P.S. § 201–9.2(emphasis added). Similarly pursuant to the statute, internet service providers are specifically exempted from liability under the statute for information of which they have no knowledge as to its falsity.

> The provisions of this act shall not apply to any owner, agent or employee of any radio or television station, or to any owner, publisher, printer, agent or employee of an Internet service provider or a newspaper or other publication, periodical or circular, who, in good faith and without knowledge of the falsity or deceptive character thereof, publishes, causes to be published or takes part in the publication of such advertisement.

73 P.S. § 201–3. Taken together the statutory provisions show that an unfair trade practice claim requires that the plaintiff buy or lease a good/service for personal use, and that an internet service provider cannot be liable unless there is a known falsity as to a "representation".

In a straightforward application of these provisions, Plaintiff's claim based upon unfair trade practices must fail. Plaintiff has not pled that he's bought or leased a good or service as required to maintain a private cause of action. Instead he only utilized Microsoft's search engine which is free for public use. Similarly, he cannot allege that Microsoft knowingly disseminated false information, because as he acknowledges (and will be further discussed below), all the public records are accurate descriptions of previous litigation. [Complaint ¶¶ 36 & 43(2)]

3.) <u>No liability can exist for any of the state law claims based upon the display of true and accurate public records.</u>

As confirmed by Plaintiff's own Complaint, all alleged causes of action stem <u>only</u> from search results displaying public records and court dockets. See Complaint ¶ 42 ("all similar and

10

associated <u>legal case entries</u> both now and on an ongoing basis that are associated with the Plaintiff's name (David Despot))" Plaintiff does not allege that these records are incorrect, that they are sealed, not otherwise of public record, or assert any liability for search results other than the legal case entries. As such, Plaintiff attempts to base his "claims" solely on the display of true and accurate public record.

As an essential element of the legal system, there is a pervasive common law right "to inspect and copy public records and documents, including judicial records and documents" which "antedates the Constitution and which is applicable in both criminal and civil cases" <u>Leucadia, Inc. v. Applied Extrusion Techs., Inc.</u>, 998 F.2d 157, 161 (3d Cir. 1993) This right is persuasive, integral and essential to the integrity of the judiciary. <u>Mine Safety Appliances Co. v. N. River Ins. Co.</u>, 73 F. Supp. 3d 544, 557 (W.D. Pa. 2014). The existence of this right is beyond dispute and extends to judicial proceedings, judicial documents, and to documents filed with the court in request for adjudicatory relief. <u>Id.</u>; <u>United States v. Martin</u>, 746 F.2d 964, 968 (3d Cir.1984); <u>Bank of America National Trust and Savings Ass'n v. Hotel Rittenhouse Associates</u>, 800 F.2d 339, 343 (3d Cir.1986).

Put simply, Plaintiff fails to show how any liability can exist from the display of his own unsealed public court records to which the public at large has a fundamental right of access. <u>Leucadia, Inc</u>, 998 F.2d at 161. Furthermore, in connection with claims such as misrepresentation or unfair trade practices it is axiomatic that there is required to be a false statement. <u>See</u> i.e. <u>Bortz</u>, 729 A.2d at 560 (essential element of misrepresentation is a "falsity") Plaintiff's claims are fatally flawed in this respect because he cannot overcome his acknowledgement that the referenced court dockets are true and correct records of his previous litigation. [Complaint ¶¶ 36 & 43(2)]. When a party commences a lawsuit, it acknowledges that

11

matters concerning the suit become public record to which no right of privacy attaches. See i.e. Doe v. City of New York, 15 F.3d 264, 268 (2d Cir. 1994) ("Certainly, there is no question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record."); Com. v. Upshur, 924 A.2d 642, 646 (Pa. 2007) (media has a presumed right to court records including audio tape played at a preliminary hearing) The truth of a statement acts as a complete defense. Bobb v. Kraybill, 511 A.2d 1379, 1380 (Pa. Super. 1986)(In Pennsylvania truth is an absolute defense to a defamation claim and a defendant need only show substantial, rather than complete, truth);

Accordingly, Plaintiff is fundamentally flawed in the assertion that he can maintain any cause of action based upon the display of true, accurate, unsealed public records. Apparently, recognizing this, Plaintiff does not even allege how any his "causes of action" relate to the display of public records. Instead, Plaintiff acknowledges that the results which display upon a search of his name are accurate litigation histories in which he admits to filing "at least five lawsuits" against various companies for which he believed the company he worked for (or wanted to go to work for) were breaking the law. [Complaint ¶ 36]. Furthermore, in each of the results returned by the search, David Despot was the *plaintiff* in those actions. [Complaint ¶ 36] Accordingly, David Despot himself was the party which instigated each lawsuit and created each public record for which he now complains.[7] The Plaintiff cannot commence serial litigation against defendants and then attempt to disavow the public record he himself creates. Similarly, and in a bit of irony perhaps lost on Plaintiff, he cannot attempt commence yet *another* lawsuit which will appear in the public record in an attempt to allege a tort relating to all of his own previous attempts. As a matter of law, Plaintiff fails to submit any cause of action based in state

---

[7] As demonstrated by his *extensive* filing history, Mr. Despot is well aware that his cases filed in federal court would become records of the court.

law and all should be denied with prejudice and without leave to amend given his history of spurious serial litigation.

B.)    Federal Employment Discrimination Claim

As is demonstrated throughout his serial filing history, Plaintiff's primary motive has been to file unsupported and fatally flawed employment discrimination claims. See Despot v. Nationwide Ins., No. 1:12-CV-44, 2013 WL 5487361, at *1 (S.D. Ohio Sept. 30, 2013); Despot v. Am. Income Life Ins. Co., No. 1:10-CV-932, 2012 WL 3070980 at *1 (S.D. Ohio July 30, 2012), aff'd (July 2, 2013) (alleging a "panoply of claims for discrimination and retaliation under federal and state law"). Prior to these claims, and as early as 2008, Courts had already censured Plaintiff for his conduct with employment discrimination claims.

> Further, the sole federal employment discrimination claim attempted in this matter fails for two reasons, as described supra. It is evident from Despot's past litigation that he was well aware that pleading such a claim required a statement of membership in a protected class and a pleading of administrative exhaustion. He was on notice that failure to allege these elements would render his complaint fatally flawed.

Despot v. Keystone Insurers Grp., Inc., 2008 WL 3837395 at *11. Accordingly, despite extensive history and reprimand regarding his conduct in filing employment discrimination claims, Plaintiff continues to allege the same fundamentally defective claims in the instant suit.

To successfully demonstrate a claim for retaliation under Title VII a plaintiff must show: (1) plaintiff engaged in conduct protected by Title VII; (2) the employer took adverse employment action against plaintiff; and (3) a causal link between the protected conduct and the employer's adverse action. Charlton v. Paramus Bd. of Educ., 25 F.3d 194, 200 (3d Cir.1994). As a general rule, a plaintiff under Title VII cannot bring claims in a civil lawsuit that were not first included in an EEOC charge and exhausted at the administrative level. See Burgh v. Borough

Council of Montrose, 251 F.3d 465, 469 (3d Cir.2001). The Third Circuit has recognized that the exhaustion requirement serves two purposes:

> First, it puts the employer on notice that a complaint has been lodged against him and gives him the opportunity to take remedial action. Second, it gives the EEOC notice of the alleged violation and an opportunity to fulfill its statutory responsibility of seeking to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

Bihler v. Singer Co., 710 F.2d 96, 99 (3d Cir.1983) (internal citations omitted) Failure to administratively exhaust the potential claim will result in dismissal of any civil action. Johnson v. Chase Home Fin., 309 F. Supp. 2d 667, 672 (E.D. Pa. 2004); Crawford v. Verizon Pennsylvania, Inc., 103 F. Supp. 3d 597, 611 (E.D. Pa. 2015).

In regards to the final element of a retaliation claim, the Third Circuit has held that, "[t]o establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Burger v. Sec'y of Revenue ex rel. Pennsylvania Dep't of Revenue, 575 F. App'x 65, 68 (3d Cir. 2014). In addition, the Third Circuit requires that the timing of an alleged retaliatory action be "unusually suggestive" in order for a casual link to be inferred. Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3rd. Cir.1997) Furthermore,

> [a]n employee cannot establish retaliation without proving that the employer *knew that the employee engaged in protected activity*. Without knowledge, there can be no retaliatory intent, and thus *there can be no causal connection*. Knowledge alone, however, is insufficient to prove retaliation.

Romero v. Allstate Ins. Co., 3 F. Supp. 3d 313, 328 (E.D. Pa. 2014) aff'd sub nom. E.E.O.C. v. Allstate Ins. Co., 778 F.3d 444 (3d Cir. 2015) (citing Barbara T. Lindemann & Paul Grossman, 1 *Employment Discrimination Law* 1034 (4th ed.2007)). Accordingly, at a minimum before even

considering the elements of casual connection and whether the timing was "unusually suggestive", a plaintiff must demonstrate that the employer knew that the employee engaged in a protected activity. Absent that showing, a plaintiff's claim must fail.

Under the above principles, Plaintiff's instant claim fails as a matter of law on at least two specific reasons. First, Plaintiff has failed to exhaust his administrative remedies. As provided by the Third Circuit, failure to exhaust administrative makes the claim defective per se. Burgh 251 F.3d at 469. Here Plaintiff has not pled, or attached, any information relating to an EEOC complaint or charge. Without progressing through the EEOC, the dual purposes of notice to the employer and possibility for informal EEOC remedies, is not achieved. Bihler, 710 F.2d 99. Through his serial employment discrimination filings, Plaintiff is acutely aware of the requirement that claims must be administratively exhausted before a federal claim may be brought. Despot v. Keystone Insurers Grp., Inc., 2008 WL 3837395 at *11 ("It is evident from Despot's past litigation that he was well aware that pleading such a claim required a statement of membership in a protected class and a pleading of administrative exhaustion.") Despite these reprimands, Plaintiff *still* continues to file complaints which are per se deficient.

Secondly, as matter of law, Plaintiff fails to provide *any* allegations sufficient to demonstrate a claim for relief under the elements of retaliation. Specifically, he fails to assert anything approaching the casual connection required for a retaliation claim.[8] For an employer to retaliate based upon a protected activity, it must by definition *know* about the protected activity. Romero, 3 F. Supp. 3d at 328. Without this knowledge there can be no intent to retaliate Id. Plaintiff fails to allege any support for the claim that Microsoft was aware that he engaged in any

---

[8] Incredibly, even if allowing Despot a liberal interpretation due to his status as pro se plaintiff despite his serial history, he still fails to actually allege that Microsoft ever actually took an adverse employment action. While it may be inferred that the claimed adverse action is a purported failure to hire him, Plaintiff does not actually provide sufficient factual support for this assumption even under the liberal pleading standards.

15

protected activity. There is no evidence that Microsoft had *any* knowledge regarding his extensive litigation history.

Furthermore, even assuming *arguendo* that Microsoft had some knowledge, Plaintiff fails to articulate how this knowledge supports a connection regarding an "unusually suggestive proximity" or "a pattern of antagonism" as required by the Third Circuit. Burger, 575 F. App'x at 68. In fact, in the cases that appear as a result of searching "David Despot" the most recent cases appear a year prior to his sole contact with Microsoft, with some of the results dating as far back as 18 years.[Complaint ¶ 42] This is simply insufficient to infer any casual connection as a matter of law. See Fasold v. Justice, 409 F.3d 178, 189–90 (3d Cir.2005) (holding than a time span of "less than three months" is temporally proximate and "an inference of retaliation can be drawn"); Dogmanits v. Capital Blue Cross, 413 F. Supp. 2d 452, 463 (E.D. Pa. 2005)(four month time span too remote to support casual connection); Walker v. Indep. Blue Cross, No. CIV.A. 03-6396, 2005 WL 1266590, at *7 (E.D. Pa. May 27, 2005)(four month delay will not support casual connection) Accordingly, there is no pattern of antagonism or unusual temporal proximity sufficient to merit a claim under discrimination. Because Plaintiff fails to demonstrate anything approaching the prima facie elements necessary for a retaliation claim, and has failed to exhaust his administrative remedies despite previously being informed numerous time of this requirement, the federal claim for retaliation against Microsoft should be dismissed with prejudice.

IV. Conclusion

As stated herein, Plaintiff David Despot is a serial filer of baseless litigation which serves no purpose other than to harass multiple defendants and tax the resources of the courts. The

instant complaint follows the same pattern of meritless filings through its complete failure to state a claim upon which relief can be granted. As a matter of law, any state law claims are both barred by Section 230 immunity, and cannot be supported as a matter of law based upon a display of accurate and true public records related to Plaintiff's prior court filings. Similarly, any employment claim for retaliation is barred by Plaintiff's failure to exhaust administrative remedies or to plead any information sufficient to support the required elements of a claim. As a matter of law, all claims asserted against Microsoft should be dismissed for failure to state a claim, and because of Plaintiff's serial filing history, dismissal should be with prejudice and without leave to amend.

                                        Respectfully Submitted,

                                        */s/ Richard J. Parks*
                                        Richard J. Parks
                                        Pa. Supreme Court ID No. 40477
                                        John W. Kettering
                                        Pa. Supreme Court ID No. 316945
                                        PIETRAGALLO GORDON ALFANO
                                         BOSICK & RASPANTI, LLP
                                        7 West State Street, Suite 100
                                        Sharon, PA 16146
                                        Ph. (724) 981-1397
                                        Fax: (724) 981-1398
                                        Attorneys for Microsoft Corporation

3102608v1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID DESPOT, ) | Civil Action No. 15-1672 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE BALTIMORE LIFE INSURANCE ) | |
| COMPANY. et al ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on February 16, 2016, the within Brief in Support of Motion to Dismiss by Defendant Microsoft Corporation was filed with the Clerk of the Court on the CM/ECF system, which will send notification of such filing to those registered to receive CM/ECF notification.

    I further certify that on February 16, 2015 the following parties were served by U.S. Mail upon each of the following parties in interest:

David Despot
100 Elizabeth Drive, Apt #1102
Pittsburgh, PA 15220
*Plaintiff*

                                                     Respectfully Submitted,

                                                     */s/ Richard J. Parks*
                                                     Richard J. Parks
                                                     Pa. Supreme Court ID No. 40477
                                                     John W. Kettering
                                                     Pa. Supreme Court ID No. 316945
                                                     PIETRAGALLO GORDON ALFANO
                                                      BOSICK & RASPANTI, LLP
                                                     7 West State Street, Suite 100
                                                     Sharon, PA  16146
                                                     Ph. (724) 981-1397
                                                     Fax:  (724) 981-1398
                                                     Attorneys for Microsoft Corporation