IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID DESPOT,                               )
        Plaintiff,                    )
                                      )
vs                                          )    Civil Action No. 15-1672
                                      )
THE BALTIMORE LIFE INSURANCE CO., et al.,   )
        Defendants.                   )

O R D E R

Plaintiff, David Despot, has filed the above-captioned action against numerous defendants. Four of the defendants have filed motions to dismiss and briefing orders have been entered, directing Plaintiff to file responses thereto.

Currently pending before the Court is Plaintiff's "Response to Court Order Dated February 16, 2016 and Initial Response to Various Motions to Dismiss, Answers, etc. (March 3, 2016)." In this filing, Plaintiff requests an extension of time of at least 90 days to respond to the various motions to dismiss. In addition, he states that he is "again requesting appointment by the Court of legal counsel to represent the Plaintiff to assure that proper justice is served in this case." (ECF No. 47 at 2.) This request also appeared in the Complaint (ECF No. at 19 ¶ 44(1).)

As to the request for an extension of time, it will be granted in part. Plaintiff is allowed 45 days, or until April 22, 2016, to respond to the motion to dismiss filed by Microsoft Corp./Bing (ECF No. 22), the joinder in that motion by Yahoo! Inc. (ECF No. 32), the motion to dismiss filed by Casetext, Inc. (ECF No. 35), the motion to dismiss filed by Law360.com/ Portfolio Media, Inc. (ECF No. 40), and the motion to dismiss filed by Google, Inc. (ECF No. 42). Plaintiff may file a consolidated response to all these motions, if he so chooses.

With respect to the request for appointment of counsel, there is simply no provision of the Federal Rules of Civil Procedure or federal statutes which allows for the appointment of counsel in this kind of case. As another district court recently summarized:

> In most civil cases, including employment discrimination actions, there is no federal constitutional right to civil counsel. See Columbia Law School Human Rights Clinic, Access to Justice: Ensuring Meaningful Access to Counsel in Civil Cases Response to the Periodic Report of the United States to the United Nations Human Rights Committee, 64 Syracuse L. Rev. 409, 410 (2014). Unless physical incarceration is at issue, the United States Supreme Court has ruled there is a presumption against the provision of counsel. See id. at fn. 3 (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) and Turner v. Rogers, 564 U.S. 431, 131 S.Ct. 2507, 180 L.Ed.2d 452 (2011)).

Floyd v. Cosi, Inc., 78 F. Supp. 3d 558, 562 (E.D.N.Y. 2015).

Plaintiff has not indicated that he is indigent and he is not in danger of losing his physical liberty. Plaintiff is welcome to hire counsel to represent him.

AND NOW, this 8th day of March, 2016,

IT IS HEREBY ORDERED that Plaintiff's request for an extension of time (ECF No. 47) is granted in part in that he may file an appropriate response including possible affidavits in opposition to the pending motions to dismiss, or an amended complaint, by April 22, 2016.

IT IS FURTHER ORDERED that Plaintiff's request for appointment of counsel (ECF No. 47) is denied.

                                                  s/Robert C. Mitchell  
                                                  ROBERT C. MITCHELL  
                                                  United States Magistrate Judge

cc:    David Despot  
        100 Elizabeth Drive  
        Apt. 1102  
        Pittsburgh, PA 15220