# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID DESPOT, | ) |
|       Plaintiff, | ) Civil Action No. 15-1672 |
| v. | ) Judge Cathy Bissoon |
| | ) Magistrate Judge Robert C. Mitchell |
| THE BALTIMORE LIFE INSURANCE COMPANY, *et al.*, | ) |
|       Defendants. | ) |

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Robert C. Mitchell for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636 and Local Rule of Civil Procedure 72.

On June 28 2016, the Magistrate Judge issued a Report (Doc. 69) recommending that the various Defendants' Motions to Dismiss (Docs. 22, 32, 35, 40, 57 & 62) be granted, and that the non-moving Defendants be dismissed for Plaintiff's failure to make timely service. The Report and Recommendation was served on the parties, and Plaintiff has filed Objections. *See* Doc. 70.

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the following Order is entered:

The moving-Defendants' Motions to Dismiss (**Docs. 22, 32, 35, 40, 57 & 62**) are **GRANTED**; the claims against the non-moving Defendants are DISMISSED for Plaintiff's

failure to timely serve; and the Magistrate Judge's Report and Recommendation hereby is adopted as the Opinion of the District Court.[1]

IT IS SO ORDERED.

August 4, 2016                                                  s\Cathy Bissoon
                                                                           Cathy Bissoon
                                                                           United States District Judge

cc (via ECF email notification):

All counsel of record

cc (via First-Class, U.S. Mail):

David Despot
100 Elizabeth Drive
Apt. 1102
Pittsburgh, PA  15220

---

[1] Plaintiff already has enjoyed one opportunity to amend his pleadings, *see* Doc. 51, and his Objections do not request further leave to amend. Even if he had, the R&R intimates, and the undersigned agrees, that allowing further amendment would be an exercise in futility. *See* R&R at 6-7 (highlighting that numerous courts have called to Plaintiff's attention the deficiencies of his pleadings practices, and no subsequent ameliorative effects have attached); *cf. also id.* at 11-27 (revealing that most, if not all, of Plaintiff's claims suffer from fundamental flaws in legal reasoning and understanding, such that they could not properly be cured by amendment). Thus, the dismissal of the claims against the moving Defendants is made with prejudice.